UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO FRANCO ARROYO,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No.: 1:13-cv-01536-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of "audita querela," which the Clerk of the Court has docketed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

**PROCEDURAL HISTORY**

The petition was filed on September 23, 2013, challenging Petitioner's enhanced sentence following his 1995 conviction for conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 and § 841(a)(1). (Doc. 1, p. 3).  Petitioner challenges the two-level sentence enhancement imposed by the trial court based upon the fact that firearms were found at the house of Petitioner's co-conspirator.  (Id., p. 4).  Petitioner contends that "intervening" case law precludes the sentence enhancement by requiring "actual possession" of the weapon for the enhancement to apply.  (Id., p. 2).  The intervening cases upon which Petitioner relies

1

are <u>United States v. Briggs</u>, 623 F.3d 724 (9th Cir. 2010), and <u>United States v. Castro</u>, 2012 WL 1552617 (E.D. Cal. May 1, 2012)(unpublished), both of which deal with the quantum of evidence required to support an enhanced sentence based upon gun possession.  For the reasons discussed below, the Court has no alternative but to dismiss the petition.

## **DISCUSSION**

A.  <u>General Principles of Habeas Corpus Jurisdiction</u>.

A federal court may not entertain an action over which it has no jurisdiction.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.  <u>Tripati</u>, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162; <u>see also</u> <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998);  <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991);  <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3rd Cir. 1991);  <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

B.  <u>Petitioner's Claims Are Not Cognizable As Habeas Claims</u>.

As discussed above, when a federal inmate is challenging a conviction or sentence, the proper vehicle for challenging the same is by a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, not a habeas corpus petition in the custodial court. Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*

he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61. In explaining this two-part standard, the Ninth Circuit in Ivy stated:

3

> In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his claim of innocence by motion under 2255.  He *must never have had* the opportunity to raise it by motion.

<u>Ivy</u>, 328 F.3d at 1060 (emphasis supplied).

Here, the Court need not address whether § 2255 is inadequate or ineffective because Petitioner has failed to show he is actually innocent of the charges against him.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th cir. 2008).  "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." <u>Bousley</u>, 523 U.S. at 623-624.  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining.  <u>See, e.g., id</u>. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 903 (5th Cir. 2001); <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000); <u>In re Davenport</u>, 147 F.3d 605 (7th Cir. 1998); <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997); <u>In re Hanserd</u>, 123 F.3d 922 (6th Cir. 1997); <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).

Based upon a review of the petition, the Court concludes that Petitioner does not assert his "actual innocence" of the crime for which he was convicted; rather, he impliedly asserts a lack of evidence to connect him to the seized weapons upon which the sentence enhancement was based. However, the Ninth Circuit, along with various other circuits, have repeatedly held that a habeas petitioner cannot assert a claim of actual innocence based on a non-capital sentencing enhancement. <u>Marrero v. Ives</u>, 682 F.3d 1190, 1193-1194 (9th Cir. 2012).  In <u>Marrero</u>, the Ninth Circuit rejected a

claim of "actual innocence" as to a sentence enhancement for purposes of bringing the habeas petition under the escape hatch, concluding that the claim was not factual but a "purely legal claim":

> Our sister circuits are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement. See Bradford v. Tamez (In re Bradford ), 660 F.3d 226, 230 (5th Cir.2011) (per curiam) ("[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir.2011) (en banc) ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."), cert. denied, ––– U.S. ––––, 132 S.Ct. 1001, 181 L.Ed.2d 743 (2012); Unthank v. Jett, 549 F.3d 534, 536 (7th Cir.2008) (holding that actual innocence, under the escape hatch, is factual innocence of the crime of conviction); Trenkler v. United States, 536 F.3d 85, 99 (1st Cir.2008) (noting that "[m]ost courts have required a credible allegation of actual innocence to access the savings clause" and holding that the petitioner failed to make such a showing where he did not claim actual innocence of the crime of conviction or allege that he was sentenced to a greater term of imprisonment than authorized by statute); Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir.2003) ("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of [the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir.2002) (holding that the petitioner could not qualify for the escape hatch where he merely challenged his sentence and did not claim factual innocence of the crime of conviction); United States v. Peterman, 249 F.3d 458, 462 (6th Cir.2001) (holding that petitioners cannot qualify for the escape hatch when they "do not argue innocence but instead challenge their sentences").

Marrero, 682 F.3d at 1193-1194.

Here, Petitioner is challenging a sentence enhancement based upon possession of weapons. Accordingly, even if his habeas claim could be construed as incorporating an argument of actual innocence, it fails because this Circuit does not recognize "actual innocence" as applicable to claims regarding *noncapital sentence enhancements* for purposes of qualifying for the escape hatch. See Marrero, 682 F.3d at 1192–95; see also Phillips v. Copenhaver, 2013 WL 1284234, *4 (E.D. Cal. March 28, 2013); Gaytan-Gonzalez v. Benov, 2013 WL 1190016, *1 (E.D.Cal. March 21, 2013); Velasquez v. Ellis, 2012 WL 4468699, *2-3 (E.D. Cal. September 27, 2012); Hodge v. Copenhaver, 2012 WL 4829317, *2 (E.D. Cal. Oct. 10, 2012). Hence, construed as a claim for habeas corpus, the petition must be dismissed.[1]

///

---

[1] Indeed, Petitioner concedes that Morrero bars presenting his contention as a habeas claim. (Doc. 1, p. 5).

C.  If Viewed As A § 2255 Motion, The Action Is Barred

In the Court's view, the best interpretation of this action is as a § 2255 motion. However, construed as such, it is barred in two principal ways. First, it is presented in the wrong court. Motions under § 2255 must be brought in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court, to the extent that the instant petition could be construed as a § 2255 motion, this Court lacks jurisdiction. Hernandez, 204 F.3d at 864-865.

Second, it is time barred because it was filed well beyond one year after Petitioner's conviction became final. Although § 2255 permits later motions based on decisions announcing newly-recognized rights, such decisions must (1) be from the United States Supreme Court, and (2) be made retroactively applicable to cases on collateral review. The cases relied upon by Petitioner, Briggs and Castro, do not satisfy either criterion. Accordingly, even if the Court construed the instant petition as a motion pursuant to § 2255, it would be barred.

D.  Petitioner's Claims Are Not Cognizable As An Audita Querela Petition

If the Court takes Petitioner at his word in wishing to petition for a writ of audita querela, then the action is not cognizable under this legal basis either. A writ of "audita querela," literally "the complaint having been heard," is a common law writ used to attack a judgment that was correct when rendered, but which later became incorrect because of circumstances arising after the entry of judgment. Carrington v. United States, 503 F.3d 888, 890 n. 2 (9th Cir.2007) (citing Doe v. INS, 120 F.3d 200, 203 n. 4 (9th Cir.1997)). The writ of audita querela has been abolished in civil actions (see Fed.R.Civ.P. 60(e)), but "potentially survives in the federal criminal context [ ] under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954) and the All Writs Act [28 U.S.C. § 1651(a)]." United States v. Valdez–Pacheco, 237 F.3d 1077, 1079 (9th Cir.2001) (citing Doe, 120 F.3d at 203).

The Ninth Circuit has held:

> ... Morgan stands for the proposition that the common law writs, such as coram nobis and audita querela, are available to "fill the interstices of the federal postconviction remedial framework." In other words, the common law writs survive only to the extent that they fill "gaps" in the current systems of postconviction relief.

Valdez–Pacheco, 237 F.3d at 1079 (citations and internal quotation marks omitted). "A writ of audita

querela is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition." Carrington, 503 F.3d at 890 (citing Valdez–Pacheco, 237 F.3d at 1080). Moreover, a "gap" in the current system of post-conviction relief does not exist simply because a particular prisoner's § 2255 motion is procedurally barred by the ban on second or successive petitions pursuant to 28 U.S.C. § 2244(b)(1)-(2). See United States v. Gamboa, 608 F.3d 492, 495 (9th Cir.2010); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (holding that the dismissal of a subsequent § 2255 motion due to statutory limitations on successive petitions does not render federal habeas relief an ineffective or inadequate remedy).

As noted above, in 1995 Petitioner was tried and convicted of conspiracy to distribute and possess for sale methamphetamine. Petitioner's sentence was enhanced under the Federal Sentencing Guidelines because his co-conspirator possessed weapons. Petitioner bases his instant claim for post-conviction relief on a purported post-judgment change in the law. In this regard, he asserts that Briggs and Castro now require that a defendant must have actual possession of the weapon in order for the enhancement to apply, thus, Petitioner contends, precluding its applicability to him under the facts elicited at trial. Petitioner contends that this claim is properly presented by way of petition for writ of audita querela because his direct appeal is closed and the claim would not be cognizable if now presented in a federal habeas corpus proceeding. Therefore, he reasons, a gap in post-conviction relief exists here that is available to him. Although Petitioner does not expressly state it, his argument implies that he filed an earlier § 2255 motion that apparently was denied before Briggs and Castro were decided, thus foreclosing him from pursuing a second § 2255 motion.

However, as mentioned, the fact that Petitioner may be procedurally barred from presenting the instant claim in a second or successive § 2255 motion does not mean that a "gap" exists in available post-conviction remedies. Gamboa, 608 F.3d 492, 495; Moore, 185 F.3d at 1055. As the Ninth Circuit explained in Valdez–Pacheco:

> A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs. See Kimberlin, 675 F.2d at 869; see also In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions"); cf. Moore v. Reno, 185 F.3d 1054,

1055 (9th Cir.1999) (per curiam) (concluding that § 2255 is not inadequate or ineffective merely because a particular prisoner's § 2255 motion is procedurally barred).

Valdez–Pacheco, 237 F.3d at 1080.

As discussed above, Petitioner's claim challenging his sentence would normally fall within the purview of § 2255, regardless of whether he is procedurally barred from presenting that claim in a second or successive motion. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3rd Cir.2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."). Accordingly, a writ of audita querela is not available to Petitioner under these circumstances.

**ORDER**

For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus, or, alternatively, a motion for writ of audita querela, be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 7, 2013**                          **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE